# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

In re: §
§
COOK, JENNIFER L § Case No. 09-18708
§ Hearing Date: December 2, 2010
Debtor(s) § Hearing Time: 9:30 a.m. CST

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter     of the United States Bankruptcy Code on
   . The undersigned trustee was appointed on                 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

   Funds were disbursed in the following amounts:

   Administrative expenses
   Payments to creditors
   Non-estate funds paid to 3rd Parties
   Payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was               . All claims of each class which will receive a distribution have been examined and any objections to the allowance of

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7. The Trustee's proposed distribution is attached as **Exhibit D**.

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____$. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $\_\_\_\_\_$ as interim compensation and now requests a sum of $\_\_\_\_\_$, for a total compensation of $_____$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_$, and now requests reimbursement for expenses of $\_\_\_$, for total expenses of $\_\_\_$.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____ By:/s/GUS A. PALOIAN, TRUSTEE_____
                                                                     Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 09-18708 | JPC | Judge: JACQUELINE P. COX | | Trustee Name: | GUS A. PALOIAN, TRUSTEE |
| Case Name: | COOK, JENNIFER L | | | | Date Filed (f) or Converted (c): | 05/22/09 (f) |
| | | | | | 341(a) Meeting Date: | |
| For Period Ending: | 09/24/10 | | | | Claims Bar Date: | 06/02/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence at: 1349 Hickory Rd Homewood, IL  60430- | 165,000.00 | 2,288.00 | | 0.00 | FA |
| 2. Checking account | 100.00 | 100.00 | | 0.00 | FA |
| 3. Savings Account | 50.00 | 50.00 | | 0.00 | FA |
| 4. Household goods, including but not limited to: TVs | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 5. Books, Pictures, and other art objects, antiques, | 250.00 | 250.00 | | 0.00 | FA |
| 6. Used Clothing | 250.00 | 250.00 | | 0.00 | FA |
| 7. Costume jewelry less than $500 per piece | 200.00 | 200.00 | | 0.00 | FA |
| 8. Term life thru work - no cash value | 0.00 | 0.00 | | 0.00 | FA |
| 9. 401(k) with current employer - 100% Exempt | 1,400.00 | 1,400.00 | | 0.00 | FA |
| 10. INHERITANCE PAYMENT    RECEIVED FROM ADVOCATE HEALTH CARE NETWORK RE: MOTHER'S INHERITANCE FROM ADVOCATE HEALTH CARE (401K, PENSION, AND 403B)--represents debtor's 33% interest in inheritance (shared with siblings) | 0.00 | 0.00 | | 70,540.87 | FA |
| 11. Personal injury suit - atty Gino Naughton 815-469-    Defendant has insurance policy limit of $20,000; debtor's injuries totaled $15,000; debtor claimed $10,000 exempt; Debtor's attorneys estimates settlement at not more than $20,000-contingency attorneys fees will be 33%--no value ot estate | 10,000.00 | 10,000.00 | | 0.00 | FA |
| 12. 03 Suzuki Vitara | 3,750.00 | 3,750.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 7.91 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $182,000.00 | $19,288.00 | | $70,548.78 | $0.00 |

(Total Dollar Amount in Column 6)

LFORM1

UST Form 101-7-TFR (9/1/2009) *(Page: 3)*

Ver: 15.20

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 09-18708   JPC   Judge: JACQUELINE P. COX | Trustee Name: | GUS A. PALOIAN, TRUSTEE |
| Case Name: | COOK, JENNIFER L | Date Filed (f) or Converted (c): | 05/22/09 (f) |
| | | 341(a) Meeting Date: | |
| | | Claims Bar Date: | 06/02/10 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR):  / /          Current Projected Date of Final Report (TFR):  / /

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 09-18708 -JPC | Trustee Name: | GUS A. PALOIAN, TRUSTEE |
|---|---|---|---|
| Case Name: | COOK, JENNIFER L | Bank Name: | BANK OF AMERICA, N.A. |
| | | Account Number / CD #: | *******4374 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******6545 | | |
| For Period Ending: | 09/24/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/08/10 | 10 | ADP RETIREMENT SERVICES | INHERITANCE PAYMENT | 1129-000 | 12,987.38 | | 12,987.38 |
| 06/08/10 | 10 | ADP RETIREMENT SERVICES | INHERITANCE PAYMENT | 1129-000 | 22,986.76 | | 35,974.14 |
| 06/08/10 | 10 | ADP RETIREMENT SERVICES | INHERITANCE PAYMENT | 1129-000 | 34,566.73 | | 70,540.87 |
| 06/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.050 | 1270-000 | 1.92 | | 70,542.79 |
| 07/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.050 | 1270-000 | 2.99 | | 70,545.78 |
| 08/31/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.050 | 1270-000 | 3.00 | | 70,548.78 |

```
                              COLUMN TOTALS                    70,548.78         0.00      70,548.78
                       Less: Bank Transfers/CD's                    0.00         0.00
                              Subtotal                         70,548.78         0.00
                       Less: Payments to Debtors                                 0.00
                              Net                              70,548.78         0.00
                                                                    NET          NET     ACCOUNT
                              TOTAL - ALL ACCOUNTS             DEPOSITS   DISBURSEMENTS   BALANCE
                   Money Market Account (Interest Earn - *******4374)  70,548.78    0.00  70,548.78
                                                               ---------------- ---------------- ----------------
                                                               70,548.78         0.00      70,548.78
                                                               ================ ================ ================
                                                              (Excludes Account (Excludes Payments  Total Funds
                                                               Transfers)       To Debtors)        On Hand
```

Page Subtotals    70,548.78    0.00

Ver: 15.20

LFORM24

UST Form 101-7-TFR (9/1/2009)  *(Page: 5)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-18708
Case Name: COOK, JENNIFER L
Trustee Name: GUS A. PALOIAN, TRUSTEE

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: GUS A. PALOIAN, TRUSTEE | $_____ | $_____ |
| Attorney for trustee: SEYFARTH SHAW | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *Capital Recov III LLC Assign GE Capital* | $_____ | $_____ |
| *000002* | *Capital Recovery III LLC Assignee Sears* | $_____ | $_____ |
| *000003* | *Chase Bank USA, N.A.* | $_____ | $_____ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000004 | PYOD LLC as assignee of Citibank | $_____ | $_____ |
| 000005 | PYOD LLC as assignee of Citibank | $_____ | $_____ |
| 000006 | LVNV Funding LLC | $_____ | $_____ |
| 000007 | Chase Bank USA NA | $_____ | $_____ |
| 000008 | GE Money Bank dba OLD NAVY | $_____ | $_____ |
| 000009 | Nicor Gas | $_____ | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $_____ .