**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-18708 |
| | ) | Chapter 7 |
| JENNIFER L. COOK, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: December 2, 2010 |
| | ) | Hearing Time: 9:30 a.m. CST |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF SEYFARTH SHAW LLP AS COUNSEL TO
CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM NOVEMBER 11, 2009 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a), 330, and 331 of the United States Bankruptcy Code,

Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally,

but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its

First and Final Application for Compensation and Reimbursement of Expenses (the

"Application") for legal services performed, and expenses incurred, during the period of

November 11, 2009, through the close of the case (the "Application Period").  In support of this

Application, Seyfarth respectfully represents, as follows:

## I. INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 331, 503(a) and

(b), 506(c), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330,

as amended (the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of

Bankruptcy Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as

adopted by the Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy

Rules (the "Local Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");  (E) that certain Order of the Court, dated April 6, 2010, authorizing Seyfarth's retention as counsel to the Trustee retroactive to November 11, 2009 (the "Seyfarth Retention Order");  and (F) other applicable case law discussed herein (collectively, the "Authorities for Relief").  In this regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court awarding and authorizing payment from the Estate of:  (A) final allowance of compensation in the amount of $4,132.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period;  and (B) final reimbursement of actual and necessary expenses in the amount of $73.00 (the "Expenses") incurred by Seyfarth in rendering such professional services to the Trustee.

## II.  JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), and/or (O).  The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330, and 331.

## III.  BACKGROUND

### A.      Case Background

4.      On May 22, 2009 (the "Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

2

5.      Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

**B.      Summary of Services Rendered by Seyfarth to the Trustee**

7.      This is Seyfarth's First and Final Application compensation and expense reimbursement in the Case.

8.      Seyfarth has neither previously received nor been awarded any compensation of fees or reimbursement of expenses related to the Case during the Application Period.

9.      In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered in any capacity whatsoever in connection with the Case. Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation and reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10.      The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $4,132.00.  A breakdown of this amount by each Seyfarth professional;  each such professional's title, hourly rate, and total hours expended in providing legal services;  and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $555.00 (2010) | 0.30 | $166.50 |
| James B. Sowka | Associate | $310.00 (2009) | 0.20 | $62.00 |
| M. Ryan Pinkson | Associate | $280.00 (2009) | 4.80 | $1,392.00 |

3

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| | | $295.00 (2008) | | |
| Jennifer M. McManus | Paralegal | $235.00 (2010) | 1.10 | $258.50 |
| Ricki Knapp-Podorovsky | Paralegal | $220.00 (2010) | 3.00 | $660.00 |
| Nina Bouchard | Case Asst.<br>Case Asst.<br>Paralegal | $105.00 (2009)<br>$110.00 (2010<br>$125.00 (2010) | 13.30 | $1,593.00 |
| **TOTAL:** | | | **22.70** | **$4,132.00** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

11.    Biographies for certain attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

12.    During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

13.    All of the Fees for which Seyfarth requests final allowance and payment of compensation, and all of the Expenses for which Seyfarth requests reimbursement, relate to the Application Period and were rendered or incurred in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

4

14.     Seyfarth respectfully submits that its services to the Trustee and expenses incurred on behalf of the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

15.     During the Application Period, Seyfarth has rendered 22.70 hours.  All of the fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are grouped together and attached hereto as **Exhibit 3**.

16.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property.  For the Court's convenience, Seyfarth provides the following outline in summary of the services provided:

A.     Seyfarth prepared and filed a motion for Rule 2004 examination against various parties in an effort to obtain information and documentation necessary to verify the Debtor's interest in the inheritance of her deceased mother (the "Property"); Seyfarth prepared subpoena's to various parties and reviewed and analyzed the documents produced in response to those subpoenas;

B.     Seyfarth advised the Trustee as to the Estate's interest in the Property and pursuant to the Trustee's request, Seyfarth pursued collection and turnover of the Property; in furtherance of these efforts, Seyfarth prepared and presented the Trustee's Motion for Turnover; as a result, the Estate recovered gross proceeds in excess of $70,000.00; and

C.     Seyfarth represented the Trustee with respect to general case administration matters, including the preparation and presentation of the Trustee's Motion to Retain Attorneys; advising the Trustee as to the Estate's tax obligations; and the preparation of this Application.

5

17.    During the Application Period, Seyfarth expended 2.50 hours of time, worth a value of $550.00, in preparing the Application.

18.    "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C.    Reasonableness of Compensation Requested

19.    In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

20.    Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

21.    Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

22.    Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D.    Costs for Which Reimbursement is Requested

23.    Seyfarth also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with rendering services to the Trustee.  A detailed listing of these expenses and the amounts for which reimbursement is sought is attached hereto as **Exhibit 4**.

24.      As set forth in attached **Exhibit 4**, Seyfarth advanced $73.00 in Expenses on behalf of the Estate in connection with the legal services that it rendered to the Trustee in the Case during the Application Period.

25.      Pursuant to Local Rule 5082-1(B)(1)(g), the Expenses represent their actual cost to Seyfarth, and no additional charges have been added to this cost.

26.      Pursuant to this Court's Standing Order No. 8, Seyfarth voluntarily reduces photocopy costs to $0.10 per page.

27.      All of the expenses are for copying charges, which have been broken down by entry in **Exhibit 4**.

## IV.  STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

28.      Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or reimbursement received as a result of this case with any person, firm or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of this case.

## V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

    A.    Allowing Seyfarth final compensation in the total amount of $4,132.00;

    B.    Allowing Seyfarth final expense reimbursement in the amount of $73.00; and

12702570v.1

C.     Granting such other and further relief as this Court deems proper.

Dated:  September 27, 2010                    Respectfully submitted,

                                              GUS A. PALOIAN, not individually or
                                              personally, but solely in his capacity as the
                                              Chapter 7 Trustee of  the Debtor's Estate,


                                              By:/s/ Gus A. Paloian                        

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

12702570v.1

**Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                              )   Case No. 09-B-18708-JPC
                                    )   Chapter 7
JENNIFER L. COOK,                   )
                                    )   Hon. Jacqueline P. Cox
            Debtor.                 )
                                    )
_____)

### ORDER AUTHORIZING AND APPROVING RETENTION
### AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
### COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN

This matter having been presented to the Court upon the Application of Gus A. Paloian,

not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtor, and upon the accompanying

Affidavit of M. Ryan Pinkston (the "Pinkston Affidavit"), for an order authorizing the

employment of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-

captioned case (the "Case"); and it appearing to the Court that proper notice of this Application

has been provided pursuant to applicable rules and statutes and that no further notice is necessary

or required; and the Court being satisfied based on the representations made in the Application

and the accompanying Pinkston Affidavit that, except as set forth therein, Seyfarth does not

represent any interest that is adverse to the Estate and is disinterested under Section 101(14) of

the Bankruptcy Code, and that its employment is necessary and is in the best interests of the

Estate; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the

Trustee is authorized and empowered to retain and employ Seyfarth as his counsel effective as of

8895206v.1

November 11, 2009, on the terms and conditions (the "Terms and Conditions") set forth in the

Application and the Pinkston Affidavit attached to the Application, and Seyfarth is authorized to

perform all of the legal services for the Trustee referenced in the Application on such Terms and

Conditions; and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and

expenses incurred representing the Trustee shall be subject to further order of the Court in

accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such

Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such

procedures as may be fixed by order of this Court.

Dated: 4-6-10

_Jacqueline P. Cox_

HONORABLE JACQUELINE P. COX
UNITED STATES BANKRUPTCY JUDGE

8895206v.1

**Exhibit 2**

Case 09-18708   Doc 38   Filed 10/21/10   Entered 10/21/10 09:57:22   Desc Main
Document      Page 13 of 23

# SEYFARTH SHAW LLP
**ATTORNEYS**



**Gus A. Paloian**

Partner

**Chicago**

(312) 460-5936

## Gus A. Paloian

gpaloian@seyfarth.com

### Practice Areas

- **Bankruptcy, Workouts & Business Reorganization**; Bankruptcy Litigation, Bankruptcy Transactions, Non-Bankruptcy Remedies, Distressed Asset Resolution Team (DART)
- **Government Contracts**
- **Commercial Litigation**
- **Real Estate**; Development & Construction

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

### Education

J.D., DePaul College of Law, *cum laude* (1984)
B.A., Northwestern University (1981)

### Admissions

- Illinois

### Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees

- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association





# James B. Sowka

jsowka@seyfarth.com

### Practice Areas

- **Bankruptcy, Workouts & Business Reorganization**; Bankruptcy Litigation

**James B. Sowka**

Associate

**Chicago**

(312) 460-5325

Mr. Sowka is an associate in the Chicago office of Seyfarth Shaw LLP. He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court. His client representations include secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and preference action defendants. Mr. Sowka is also a member of the SeyfarthLean initiative for landlord-tenant issues in retail bankruptcy cases. SeyfarthLean adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida. At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.

### Education

J.D., University of Arizona (2004)

B.A., University of Illinois at Chicago (1998)

 Phi Kappa Phi; College Honors

### Admissions

- Illinois
- Florida

### Courts

- U.S. District Court for the Northern District of Illinois

- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida

## Affiliations

- Chicago Bar Association (Co-Chair, Young Lawyers Section Bankruptcy Committee (2008 to present))
- Bankruptcy Court Liaison Committee, Northern District of Illinois (Representative of the Office of the U.S. Trustee (2007-2008))
- Seventh Circuit Bar Association
- American Bankruptcy Institute

## Presentations

- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

# SEYFARTH SHAW LLP
### ATTORNEYS



**Ryan Pinkston**

Associate

**Chicago**

(312) 460-5578

## Ryan Pinkston

rpinkston@seyfarth.com

### Practice Areas

- **Commercial Litigation**
- **Bankruptcy, Workouts & Business Reorganization**

Mr. Pinkston is an associate in the Bankruptcy Practice Group of Seyfarth Shaw LLP. Prior to joining the firm, Mr. Pinkston was a summer associate at Seyfarth Shaw and a judicial clerk for Judge Teresa D. Harper in the Monroe County Circuit Court. He also worked as a registered mediator in the State of Indiana through the Family and Children Mediation Clinic at Indiana University, served as an Articles Editor for the *Federal Communications Law Journal*, and assisted in Liberian constitutional research for the Center for Constitutional Democracy in Plural Societies.

### Education

J.D., Indiana University-Bloomington, *magna cum laude* (2008)

Articles Editor, *Federal Communications Law Journal*

B.A., Washington University in Saint Louis (2005)

### Admissions

- Illinois

### Courts

- Northern District of Illinois

### Publications

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

**Exhibit 3**

## CASE ADMINISTRATION

| Date | Description | Attorney | Hours | Value |
|------|-------------|----------|-------|-------|
| 11/12/09 | Prepare service list for 2004 motion for examination. | N. Bouchard | 0.20 | 21.00 |
| 11/19/09 | Finalize Rule 2004 motion for J. Sowka | N. Bouchard | 0.30 | 31.50 |
| 11/20/09 | Review and revise motion for rule 2004 examination. | J. Sowka | 0.20 | 62.00 |
| 11/24/09 | E-mail correspondence to Debtor's counsel regarding retrieval of inheritance forms for G. Paloian | N. Bouchard | 0.10 | 10.50 |
| 11/25/09 | Prepare Rule 2004 motion for filing. | N. Bouchard | 0.10 | 10.50 |
| 12/07/09 | Conference with N. Bouchard regarding status of case and trustee's motion for leave to conduct Rule 2004 examinations. | M. Pinkston | 0.10 | 28.00 |
| 12/15/09 | Review motion for leave to conduct Rule 2004 examinations of debtor's brother and debtor's mother's former employer (.40); represent G. Paloian, as chapter 7 trustee, at hearing on motion for leave to conduct Rule 2004 examinations (.60). | M. Pinkston | 1.00 | 280.00 |
| 12/29/09 | Review and analysis of documents provided by debtor's counsel regarding debtor's interest in insurance benefits from Advocate Health Care. | M. Pinkston | 0.20 | 56.00 |
| 12/29/09 | Conference with N. Bouchard regarding Rule 2004 examination subpoenas. | M. Pinkston | 0.30 | 84.00 |
| 12/29/09 | Conference with R. Pinkston regarding case status (.10); conference with same regarding payment of Debtor's inheritance (.20); phone call to Advocate Health Care regarding same (.10); phone call to Debtor's counsel regarding same (.10). | N. Bouchard | 0.50 | 52.50 |
| 12/30/09 | Two (2) phone conversations with benefit coordinator at Advocate Health Care regarding information Debtor's inheritance payment (.30); draft and mail letter to Debtor's counsel regarding turnover of funds (.50). | N. Bouchard | 0.80 | 84.00 |
| 12/31/09 | Prepare rider to 2004 Subpoena to Debtor's brother regarding inheritance funds (.30); e-mail correspondence to G. Paloian regarding same (.20). | N. Bouchard | 0.50 | 52.50 |
| 01/04/10 | Review and revise rider to Rule 2004 subpoena for production of documents by Steven Szostak. | M. Pinkston | 0.20 | 59.00 |
| 01/05/10 | Prepare letter to Advocate Health Care regarding turnover of funds to the estate (.60); finalize Subpoena and rider to same for G. Paloian (.30); finalize subpoena and rider to the Debtor's brother for same (.30); discuss subpoenas with R. Pinkston (.10). | N. Bouchard | 1.30 | 143.00 |

1

| **Date** | **Description** | **Attorney** | **Hours** | **Value** |
|---|---|---|---|---|
| 01/06/10 | Review and revise notice of subpoena to be filed in debtor's bankruptcy case. | M. Pinkston | 0.20 | 59.00 |
| 02/04/10 | Review correspondence from Advocate Hospital regarding inheritance status. | N. Bouchard | 0.20 | 25.00 |
| 02/16/10 | Review correspondence from Advocate Trinity Hospital for G. Paloian. | N. Bouchard | 0.10 | 12.50 |
| 02/18/10 | Attend to matters regarding case opening (.20); confer with N. Bouchard regarding same (.10). | J. McManus | 0.30 | 70.50 |
| 02/22/10 | Review Debtor's claimed exemptions for G. Paloian (.10); phone call to Advocate Health Care regarding status of turnover of inheritance funds to the Estate (.10). | N. Bouchard | 0.20 | 25.00 |
| 02/23/10 | Phone conversation with Advocate Health Care regarding their requirements for turnover of inheritance funds (.20); draft letter of instruction for Debtor to execute regarding same (.60). | N. Bouchard | 0.80 | 100.00 |
| 02/25/10 | Revise letter of instruction to Advocate Health Care for G. Paloian (.10); attend to matter regarding conflicts search for new matter (.10); prepare motion to compel turnover of inheritance funds (.20). | N. Bouchard | 0.40 | 50.00 |
| 02/26/10 | E-mail correspondence to Advocate Health Care regarding Trustee's intentions to request authorization to compel turnover of Debtor's inheritance (.10); prepare motion and proposed order to compel Advocate Health Care to turnover same (1.40). | N. Bouchard | 1.50 | 187.50 |
| 03/01/10 | Attend to retention matters. | J. McManus | 0.30 | 70.50 |
| 03/01/10 | Cause report of assets to be filed with the Court (.10); finalize motion for turnover of funds (.30); prepare motion to retain Seyfarth Shaw (.30). | N. Bouchard | 0.70 | 87.50 |
| 03/02/10 | Review and revise motion to compel turnover of debtor's inheritance funds to Trustee. | M. Pinkston | 0.50 | 147.50 |
| 03/02/10 | Prepare motion to retain Seyfarth (.20); prepare affidavit of R. Pinkston regarding same (.50). | N. Bouchard | 0.70 | 87.50 |
| 03/03/10 | Conference with N. Bouchard regarding notice required for motion to compel turnover of estate assets. | M. Pinkston | 0.10 | 29.50 |
| 03/05/10 | Finalize motion to compel for R. Pinkston (40); prepare service list to same (.20); cause same to be filed with the Court (.20); oversee service of same (.20). | N. Bouchard | 1.00 | 125.00 |
| 03/17/10 | Review motion to compel turnover of inheritance funds to debtor's estate (.30); represent trustee at hearing on motion to compel turnover of inheritance funds to debtor's estate (.70). | M. Pinkston | 1.00 | 295.00 |

| **Date** | **Description** | **Attorney** | **Hours** | **Value** |
|---|---|---|---|---|
| 03/17/10 | Assemble hearing materials for R. Pinkston regarding motion to compel turnover in Cook. | N. Bouchard | 0.10 | 12.50 |
| 03/18/10 | Download order granting motion to compel turnover of inheritance funds to the bankruptcy estate (.10); discuss same with Susan Marseille at Advocate regarding processing order and turnover of funds (.20). | N. Bouchard | 0.30 | 37.50 |
| 03/22/10 | Prepare supporting affidavit to Seyfarth Retention motion. | N. Bouchard | 1.00 | 125.00 |
| 03/23/10 | Prepare M. Pinkston affidavit for Seyfarth retention motion (.20); e-mail to B. Billotta regarding same (.10); phone conversation with benefits coordinator at Advocate Hospital regarding additional requirement for turnover of funds to the Estate (.10); e-mail to M. Pinkston and G. Paloian regarding same (.20). | N. Bouchard | 0.60 | 75.00 |
| 03/23/10 | Conferences regarding turnover order. | G. Paloian | 0.30 | 166.50 |
| 03/25/10 | Prepare correspondence to Advocate Health regarding certified order from the Court for turnover of funds to the estate (.10); begin finalizing Seyfarth retention motion (.20). | N. Bouchard | 0.30 | 37.50 |
| 03/26/10 | Prepare exhibit to Pinkston Affidavit regarding Trustee's motion to retain Seyfarth. | N. Bouchard | 0.50 | 62.50 |
| 03/29/10 | Finalize Seyfarth retention motion (.20); finalize Pinkston affidavit regarding same (.30); attend to creditor contact list regarding same (.20); cause same to be filed with the Court (.30). | N. Bouchard | 1.00 | 125.00 |
| 04/06/10 | Review motion for retention of Seyfarth Shaw as counsel for Trustee and affidavit in support of same (.60); represent Trustee at hearing on motion for retention of Seyfarth Shaw (.60) | M. Pinkston | 1.20 | 354.00 |
| 05/19/10 | Follow-up correspondence to Advocate Hospital regarding status of turnover of inheritance funds to Estate per court order. | N. Bouchard | 0.10 | 12.50 |
| 08/31/10 | Analysis of Estate tax issues (.30); conference with G. Paloian regarding same (.20).. | J. McManus | 0.50 | 117.50 |
| 09/10/10 | Prepare Seyfarth final fee application (2.30); coversheet, proposed order (.20); phone conversation with representative of ADP-for Advocate to verify withholding tax payments from Estate proceeds received from inheritance (.40); memo to L. West regarding: same (.10). | R. Knapp | 3.00 | 660.00 |
| | **TOTALS** | | **22.70** | **$4,132.00** |

**Exhibit 4**

## DISBURSEMENTS

| Date | Disbursements | Value |
|------|---------------|-------|
| 03/29/10 | Copying   (730 copies @ $0.10 per page)--Motion to Retain Seyfarth | 73.00 |
| | **TOTALS** | **$73.00** |